IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD L. WYATT,

    Petitioner,                             No. CIV S-09-353 LKK CHS

    vs.

MICHAEL MARTEL, Warden,

    Respondent.                 <u>FINDINGS AND RECOMMENDATIONS</u>

                                      /

## I. INTRODUCTION

Petitioner Richard L. Wyatt is a state prisoner proceeding pro se with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. §2254. Petitioner is currently serving an indeterminate term of 26 years to life following his "third strike" convictions[1] in Shasta County, case 06F7071, of possession of a firearm by a felon and carrying a concealed firearm in a vehicle as an occupant. The pending petition challenges the constitutionality of that judgment and the sentence imposed. Specifically, petitioner contends (A) insufficient evidence supports the convictions; and (B) the 26 year to life sentence imposed constitutes cruel and unusual punishment for the crimes of conviction.

---

[1] *See* Cal. Penal Code § 667 (California's habitual criminals or "three strikes" law).

1

## II. FACTUAL AND PROCEDURAL BACKGROUND

The facts of petitioner's offense were set forth in the unpublished opinion of the California Court of Appeal, Third District, case C055576:

> Anderson Police Officer Tim Denison was on patrol during the "graveyard shift" on September 3, 2006. About 1:23 a.m., he saw defendant and another person standing outside a gray hatchback car in a parking lot of a closed gasoline station. Thinking the car's presence was unusual because the gasoline station was closed, Officer Dennison decided to "contact" the people standing outside the car. Defendant was about 20 feet from the car, next to a pay phone. He was "moving around real nervously ... [j]ust like somebody would [who] was under the influence of a controlled substance, such as methamphetamine or cocaine."
>
> Upon seeing the officer, defendant walked quickly back to the car. Defendant "reach[ed] into the passenger compartment of the vehicle and then c[a]me back out." He stood up and "started reaching into his waistband with his back to [the officer]." Believing defendant had a gun, Officer Denison "accelerated out of the parking lot," parked around the corner, called for backup, and waited for the car to drive out of the parking lot.
>
> While waiting for backup, Officer Denison "ran the license plate" and learned the registration was expired. The officer followed the car onto the highway and noted that it was traveling 15 to 20 miles under the speed limit, which the officer thought was dangerously slow. The officer turned on his lights, and the car pulled over.
>
> Officer Denison approached the car from the passenger's side, where defendant was seated. While the other officer asked the driver for his license and vehicle registration, Officer Denison noted that defendant was "real fidgety." He "[k]ept moving his hands around" in "places [the officer] couldn't see them." The officer told defendant "several times to keep his hands where [the officer] could see them and he-he wouldn't comply." Defendant moved his left hand down by his outer thigh and started reaching down to the floorboard. "And then he kept moving something around on the floorboard ... [e]ither retrieving something or placing something next to the center console by his seat."
>
> Fearing for his safety, Officer Denison got defendant out of the car. When defendant got out, Officer Denison found a .22-caliber pistol with a bullet in the clip that was between the center console and defendant's seat.

(Lodged document 4 at 1-2.)

/////

2

A jury found petitioner guilty of being a felon in possession of a firearm (count I; Ca. Penal Code § 12021(a)(1)) and carrying a concealed firearm in a vehicle as an occupant (count II; Cal. Penal Code § 12025(a)(3)). The trial court also found that petitioner had previously incurred two prior strikes (Cal. Penal Code §1170.12) and had served a prior prison term (Cal. Penal Code § 667.5(b). Petitioner was sentenced to an indeterminate term of 26 years to life, consisting of 25 years to life on count I, plus a one year enhancement for the prior prison term. The sentence for count II was stayed. The California Court of Appeal, Third District, affirmed the convictions on direct appeal and the California Supreme Court denied review. Petitioner sought habeas corpus relief in the state courts which was denied at all levels. Respondent admits that petitioner has properly exhausted the two claims discussed herein.

### III. APPLICABLE LAW FOR FEDERAL HABEAS CORPUS

An application for writ of habeas corpus by a person in custody under judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. §2254(a); *see also Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir. 1993); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (*citing Engle v. Isaac*, 456 U.S. 107, 119 (1982)). This petition for writ of habeas corpus was filed after the effective date of, and thus is subject to, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *see also Weaver v. Thompson*, 197 F.3d 359 (9th Cir. 1999). Under AEDPA, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000); *Lockhart v. Terhune*, 250 F.3d 1223, 1229 (9th Cir. 2001).

A reviewing court such as this one looks to the last reasoned state court decision in order to make this determination. *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002), *cert. dismissed*, 538 U.S. 919 (2003).

Under the "contrary to" clause of §2254(d)(1), a federal habeas court may grant the writ only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides the case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 405. The state court is not required to cite the specific controlling test or Supreme Court authority, so long as neither the reasoning nor the result of the state court decision contradict same. *Early v. Packer*, 537 U.S. 3, 8-9 (2002).

The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle but unreasonably applies it to the facts of the particular case. *Williams*, 529 U.S. at 410. The focus of this inquiry is whether the state court's application of clearly established federal law is objectively unreasonable. *Id*. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*.

IV. DISCUSSION

A. Sufficiency of the Evidence

Petitioner first claims that the evidence was constitutionally insufficient to support his convictions for both counts I and II, because it was not shown that he ever possessed or concealed the handgun. Specifically, he argues that any of the three other people in the car could have placed the gun where it was ultimately found by Officer Denison, and that he displayed fidgety movements and other suspicious behavior that night only because he was under the influence of drugs. Petitioner points out that Officer Denison never saw him with the gun, nor were his fingerprints found on the gun.

On habeas corpus review, sufficient evidence supports a conviction so long as, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also Prantil v. California*, 843 F.2d 314, 316 (9th Cir. 1988) (per curiam). As stated by the United States Court of Appeals for the First Circuit, the focus under *Jackson* is not the correctness, but rather, the reasonableness of the state judgement. See *Hurtado v. Tucker*, 245 F.3d 7, 19 (1st Cir. 2001). The dispositive question is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Chein v. Shumsky*, 373 F.3d 978, 982 (9th Cir. 2004) (quoting *Jackson*, 443 U.S. at 318).

Under this standard, "*all of the evidence* is to be considered in the light most favorable to the prosecution." *Wright v. West*, 505 U.S. 277, 296 (1992) (quoting *Jackson*, 443 U.S. at 319) (emphasis in original). The prosecution need not affirmatively rule out every hypothesis except that of guilt." *Wright*, 505 U.S. at 296. A reviewing court such as this one must presume- even if it does not affirmatively appear in the record- that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id*.

As to this claim, the California Court of Appeal, Third District, reasoned:

> The crime of felon in possession of a firearm requires "ownership, possession, custody or control of a firearm capable of being concealed on the person." (*People v. Neese* (1969) 272 Cal.App.2d 235, 245.) Possession of the firearm may be proved circumstantially and it is not necessary to show that the defendant was "in exclusive possession of the premises." (*Ibid.*) "Possession of a firearm for even a limited time and purpose may be sufficient to bring defendant within the statute." (*Ibid.*)
>
> The crime of carrying a concealed firearm in a vehicle while an occupant includes culpability for one who "cause[s] the gun to be carried concealed in a vehicle in which he was an occupant, by concealing the gun between the seats." (*People v. Padilla* (2002) 98 Cal.App.4th 127, 134.)
>
> Reviewing the record in the light most favorable to the judgment, as we must in a challenge to the sufficiency of the evidence (*People v. Racy* (2007) 148 Cal.App.4th 1327, 1332), there was

> substantial evidence from which a reasonable trier of fact could find that defendant had custody or control of the firearm and caused it to be carried concealed in the vehicle. When Officer Denison encountered defendant in the parking lot, defendant reached into the car, stood back up, and started reaching into his waistband. The officer believed these actions were consistent with defendant possessing a gun. Later, when the car was stopped on the highway, defendant was "real fidgety" in the car, and he "[k]ept moving his hands around" in "places [the officer] couldn't see them." At one point, defendant started reaching down to the floorboard, "kept moving something around on the floorboard ... [e]ither retrieving something or placing something next to the center console by his seat." When defendant was ordered out of the car, there was a .22-caliber pistol with a bullet in the clip that was right between the center console and defendant's seat. This evidence was sufficient to satisfy the challenged elements of both crimes for which defendant was convicted.

(Lodged document 4 at 2.)

Again, the focus under the standard of *Jackson* is not the correctness, but the reasonableness of the decision. It is irrelevant whether a reviewing court such as this one agrees or disagrees with the fact finder's conclusion. Presuming, as this court must, that the jury resolved all conflicts in the evidence in favor of the prosecution, the record evidence reasonably supports a conclusion that petitioner was guilty beyond a reasonable doubt of both possessing and carrying a concealed firearm. The state appellate court's decision in this regard is not an unreasonable application of the *Jackson* standard nor based on an unreasonable determination of the facts in light of the evidence.

B.  Constitutionality of the Sentence

Petitioner claims that his sentence of 26 years to life constitutes cruel and unusual punishment under the Eighth Amendment of the United States Constitution.[2] He argues that neither the offenses nor his prior record justified a such a lengthy sentence.

/////

---

[2] Petitioner also alleges that his sentence violates the California Constitution, however, federal habeas corpus relief will not lie to correct an alleged error in the interpretation or application of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

A criminal sentence that is not proportionate to the crime of conviction may indeed violate the Eighth Amendment. Outside of the capital punishment context, however, the Eighth Amendment "forbids only extreme sentences that are grossly disproportionate to the crime." *United States v. Bland*, 961 F.2d 123, 129 (9th Cir. 1992) (*quoting Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring). In *Lockyer v. Andrade*, the United States Supreme Court held that the gross disproportionality principle is the only relevant clearly established law applicable to an Eighth Amendment challenge to a sentence under §2254. 538 U.S. 63 (2003). The threshold for an inference of gross disproportionality is high. Generally, so long as the sentence imposed by the state court does not exceed statutory maximums, it will not be considered cruel and unusual punishment under the Eighth Amendment. *United States v. McDougherty*, 902 F.2d 569, 576 (9th Cir. 1990); *United States v. Mejia-Mesa*, 153 F.3d 925, 930 (9th Cir. 1998) ("punishment within legislatively mandated guidelines is presumptively valid").

In *Rummel v. Estelle*, the United States Supreme Court upheld a term of life with the possibility of parole against a similar Eighth Amendment challenge. 445 U.S. 263, 285 (1980). Rummel was sentenced under a recidivism statute. *Id*. at 265. His two prior offenses were fraudulent use of a credit card and passing a forged check in the amount of $28.36. *Id*. His triggering offense was a conviction for the theft of $120.75 by false pretenses. *Id*. at 266. The life sentence in *Rummel* did not offend the gross proportionality principle of the Eighth Amendment. Likewise, in *Harmelin v. Michigan*, the Supreme Court held that a term of life in prison without the possibility of parole was not disproportionate to the crime of possession of 672 grams of cocaine. 501 U.S. 957, 1009 (1991).

In *Lockyer v. Andrade*, the United States Supreme Court upheld a decision of the California Court of Appeal affirming a sentence of two consecutive terms of 25 years to life in prison for a "third strike" conviction of theft of $150 worth of video tapes. 538 U.S. 63 (2003). The Supreme Court held that such a sentence was not contrary to or an unreasonable application

of the gross disproportionality principle. *Id*. at 73-74 (2003). Petitioner's attempts to distinguish his convictions, prior recidivism, and resulting sentence fail. It should be noted that, contrary to petitioner's assertion, the legal standard here is the same and the AEDPA applies to his petition for habeas corpus.

It is true that petitioner's two prior strikes resulted from the same occurrence of facts and his subsequent pleas of guilty to one count of first degree burglary and one count of robbery. This is not the extent, however, of his previous criminality. Petitioner's "very extensive" criminal history was summarized by the California Court of Appeal as follows:

> Defendant, who was born in 1969, has the following criminal record: a 1984 juvenile adjudication for receiving or concealing stolen property, for which he was committed to the California Youth Authority (CYA); a 1986 juvenile adjudication for burglary, for which he was committed to CYA; a 1990 conviction for theft, for which he was placed on 12 months' probation and ordered to serve one day in jail; a 1991 conviction for fraudulently receiving welfare benefits of over $400, for which he was placed on 36 months' probation and ordered to serve 60 days in jail; 1996 convictions for driving under the influence of alcohol and failing to appear in court, for which he was placed on 5 years' probation and ordered to serve seven days in jail; 1998 convictions for robbery, first degree burglary, and second degree burglary, for which he was ordered to serve six years in prison; 2000 convictions for driving on a suspended or revoked license and receiving stolen property, for which he was placed on 48 months' probation and ordered to serve 20 days in jail; and a 2001 conviction for second degree burglary, for which he was ordered to serve five years in prison.

(Lodged document 4 at 3.) The state appellate court went on to conclude that petitioner's 26 year to life sentence was not grossly disproportionate to the crimes and recidivism for which he was being punished. (Lodged document 4 at 5.)

Petitioner's commitment offenses and two prior strikes are constitutionally sufficient for the state of California to have concluded that he is unable to bring his conduct within the social norms prescribed by the criminal law of the State. *See Ewing v. California*, 528 U.S. 11, 29-30 (2003), *citing Rummel*, 445 U.S. at 284. Petitioner's is not "the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to

inference of gross disproportionality." *Harmelin*, 501 U.S. at 1005. Accordingly, the state court's denial of petitioner's Eighth Amendment claim is not contrary to, or an unreasonable application of clearly established federal law, nor based on an unreasonable determination of the facts in light of the evidence.

## V. CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's application for writ of habeas corpus be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 15, 2010

CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE